UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America      :
                              :
      v.                      :      File No. 2:00-CR-109
                              :
Earl Greenwood                :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Paper 334)

Defendant Earl Greenwood has filed a motion to
vacate, set aside or correct his sentence pursuant to
28 U.S.C. § 2255.  Greenwood claims that, in
calculating his sentence, the Bureau of Prisons ("BOP")
has not followed a recommendation made by this Court.
Greenwood therefore asks the Court to "correct" the
sentence "and carry out the Court's original
intention."  The government opposes the motion.  For
the reasons set forth below, I recommend that
Greenwood's motion be DENIED.

<u>Factual Background</u>

On June 28, 2002, the Court sentenced Greenwood to
36 months imprisonment after he entered a guilty plea
to a drug offense.  On April 23, 2004, after the Court
amended his sentence to time served, Greenwood began a
three year term of supervised release.  In October

2005, while still on supervised release, he was arrested and charged by state authorities with the sale of narcotics and possession of more than a pound of marijuana. Greenwood entered into a plea agreement on the state charges, and began serving his state sentence on May 15, 2006.

On December 8, 2006, this Court revoked Greenwood's supervised release and sentenced him to "21 months concurrent to the sentence he is currently serving in state court with no further term of supervised release." The Court also recommended that Greenwood "receive credit for all time served in state court in connection with this offense back to 10/27/2005."

Greenwood now claims that the BOP has not awarded him sufficient credit for time served. In a letter to Greenwood's counsel dated April 23, 2007, the BOP explained that it has credited Greenwood for the time between October 27, 2005, which was presumably the date of his arrest, and May 14, 2006, the day before he began serving his state sentence. Time served after May 14, 2006 has been credited to Greenwood's state sentence, and according to the BOP, may not be applied to his federal sentence pursuant to 18 U.S.C. §

2

3585(b).  Greenwood contends that, according to this
Court's recommendation, additional time spent serving
his state sentence should be counted toward his federal
sentence, and that he should have been released upon
completion of his state sentence on May 7, 2007.

## Discussion

The first question before the Court is whether it
has jurisdiction to hear Greenwood's petition.
Greenwood brings his petition pursuant to 28 U.S.C. §
2255.  However, because he is challenging the execution
of his sentence, the applicable statute is 28 U.S.C. §
2241.  See Chambers v. United States, 106 F.3d 472, 475
(2d Cir. 1997).  As the Second Circuit has explained,

> Section 2241 . . . is the proper means for
> challenging the *execution* of a sentence.  In a
> § 2241 petition a prisoner may seek relief
> from such things as, for example, the
> administration of his parole, computation of
> his sentence by parole officials, disciplinary
> actions taken against him, the type of
> detention, and prison conditions in the
> facility where he is incarcerated.  See
> Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir.
> 2001).

See Adams v. United States, 372 F.3d 132, 135 (2d Cir.
2004) (emphasis in original); see also Levine v. Apker,
455 F.3d 71, 78 (2d Cir. 2006) ("Execution of a

3

sentence includes matters such as the . . . computation of a prisoner's sentence by prison officials . . . ."). Greenwood has consented to having his petition construed as a filing under § 2241.

The Supreme Court has held that § 2241 "jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  The government has objected to the petition on jurisdictional grounds, arguing that Greenwood is "presumably" not incarcerated in the District of Vermont.  In response, Greenwood's counsel informs the Court that his client is currently incarcerated in Swanton, Vermont.  Accordingly, jurisdiction is proper in this Court.

The government also argues that Greenwood has failed to exhaust his administrative remedies. Greenwood contends that exhausting the administrative process would be too time consuming given that, at the time of his filing, he believed he was entitled to immediate release.  When a prisoner seeks to challenge the BOP's computation of credit for time served, federal regulations set forth a process for administrative review.  See 28 C.F.R. §§ 542.10 -

4

542.16.  "It is only after administrative remedies are exhausted under these regulations that a prisoner can file a habeas petition under 28 U.S.C. § 2241 seeking judicial review of any jail-time credit determination." Jimenez v. United States, 2000 WL 28164, at *2 (S.D.N.Y. Jan. 14, 2000); see United States v. Keller, 58 F.3d 884, 894 (2d Cir. 1995) ("To obtain sentencing credit under § 3585 a federal prisoner must first exhaust his administrative remedies before seeking judicial relief.").

In order to exhaust available administrative remedies, a Petitioner should first submit an informal "Request to Staff Form" in an attempt to resolve the issue.  If informal resolution is not possible, complete exhaustion requires the inmate to submit a formal written "Administrative Remedy Request," a "Regional Appeal," and a "General Counsel Appeal."  See 28 C.F.R. §§ 542.10 - 542.15.  Failure to exhaust these procedures can only be excused through a showing of cause and prejudice.  Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994).

Here, Greenwood's attorney submits that Greenwood was notified of his sentence computation on January 16,

5

2007.  Counsel also informs that Court that, "[b]etween March 6, 2007 and April 27, 2007 Defendant's counsel attempted to have the sentence corrected."  It is not clear from this statement what steps were taken to exhaust the administrative process, or why it took nearly two months to commence action on the issue.

Moreover, while Greenwood concedes that he did not exhaust the administrative process, he makes no attempt to show cause and prejudice.  He has also failed to show that the administrative process could not have been exhausted between the months of January and May, 2007.  Accordingly, Greenwood's petition is procedurally barred for failure to exhaust administrative remedies.

Even if the petition were not barred, denial would be warranted on substantive grounds.  The Second Circuit has held that "[t]he Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credits for any time spent in state custody."  United States v. Gonzalez, 192 F.3d 350, 353 (2d Cir. 1999) (quoting United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir. 1998)).  Furthermore, when a sentencing judge

6

makes a recommendation to the Bureau of Prisons with
respect to place of confinement, "the district judge's
views are not controlling."  United States v. Pineyro,
112 F.3d 43, 45 (2d Cir. 1997).

In this case, the BOP has offered a sentence
calculation, and Greenwood has not shown that the
calculation is unlawful.  Under § 3585(b), "[a]
defendant shall be given credit toward the service of a
term of imprisonment for any time he has spent in
official detention prior to the date the sentence
commences . . . *that has not been credited against
another sentence*."  18 U.S.C. § 3585(b) (emphasis
added).  "As can be seen, under this provision prior
time served that is properly credited toward another
sentence may not be counted, since to find otherwise
would result in a prisoner earning 'double credit' for
a single period of time served."  Thomas v. Craig, 2007
WL 836870, at *3 (N.D.N.Y. March 15, 2007) (citing Rios
v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000) (collecting
cases)).

The BOP has credited Greenwood for time served that
was not counted toward his state sentence.  Under §

3585(b), the BOP has properly denied federal credit for time that has been credited against Greenwood's state sentence.  Accordingly, and notwithstanding the fact that the BOP's calculation may not be entirely consistent with this Court's recommendation at sentencing, the BOP's sentence calculation is lawful. I therefore recommend that Greenwood's § 2241 motion be DENIED.

### Conclusion

For the reasons set forth above, I recommend that Greenwood's motion for correction of sentence (Paper 334) be DENIED.

Dated at Burlington, in the District of Vermont, this 6th day of August, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).